UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE REYNOLDS, et al., | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:06CV01487 ERW |
| CITY OF VALLEY PARK, MO, et al., | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiffs' Emergency Motion to Remand and for an Award of Attorneys' Fees [doc. #8].

**I. PROCEDURAL BACKGROUND**

Plaintiffs in this action filed suit in the Circuit Court of St. Louis County on September 22, 2006, alleging that Ordinance No. 1708, passed by the City of Valley Park Board of Aldermen, was invalid, and to enjoin enforcement of that ordinance. Defendants in this action are the City of Valley Park, the Mayor of the city of Valley Park, and the eight Board of Aldermen in their official capacities. Plaintiffs sought to invalidate the Ordinance, seeking relief under the Missouri Declaratory Judgment Act.[1] On September 25, 2006, the State court entered a Temporary

---

[1]Missouri Declaratory Judgment Act Provides:
Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, **municipal ordinance**, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.
Mo.Rev.Stat. § 527.020 (2006) (emphasis added).

1

Restraining Order enjoining the enforcement of Ordinance No. 1708. The State Court further ordered expedited discovery, and scheduled a hearing on a preliminary injunction for November 1, 2006. On September 26, 2006, the City of Valley Park repealed portions of Ordinance No. 1708, and passed Ordinance No. 1715 ("the ordinance"), which addressed similar subject matter as Ordinance No. 1708. Plaintiffs then filed an amended petition in state court seeking to invalidate the ordinance, and seeking a modification of the Temporary Restraining Order to enjoin enforcement of Ordinance No. 1715, the state court so modified the Temporary Restraining Order. On October 6, 2006, Defendants filed a motion to modify the state court's discovery schedule, which was granted. Defendants filed a notice of removal on October 10, 2006. Following the notice of removal, Plaintiffs filed a timely motion to remand, on October 16, 2006. This motion has been fully briefed by the parties, and a hearing was held before this Court on November 3, 2006.

## II. FACTUAL BACKGROUND

The ordinance in question placed requirements on landlords and employers to ensure that all residents and employees were legally present within the United States. In their State Court Petition, Plaintiffs averred that the ordinance was invalid because it: 1) violates the Supremacy Clause of the United States Constitution, Art. VI, Cl. 2, in that it encroaches on the federal government's exclusive power to regulate immigration; 2) violates the Eighth and Fourteenth Amendments to the United States Constitution in that it imposes excessive fines; 3) violates the due process clause of the Fourteenth Amendment of the United States Constitution; 4) is preempted by, and violates, the provision of the Fair Housing Act, 42 U.S.C. § 3601-19; 5) is repugnant to Article I, § 10 of the United States Constitution in that it impairs obligations made under contracts; 6) exceeds the Defendants' authority to enact legislation under Mo.Rev.Stat. §

79.110; 7) is repugnant to Article I, § 2 of the Missouri Constitution; 8) compels a violation of Mo.Rev.Stat. § 441.060, 9) violates Mo.Rev.Stat. § 79.470; 10) violates Article I, § 21 of the Missouri Constitution; 11) is void as an arbitrary and unreasonable exercise of delegated authority; 12) violates the due process guarantees of Art. I, § 10 of the Missouri Constitution, and 13) is repugnant to Art. I, § 13 of the Missouri Constitution in that it impairs the obligations made under contracts.[2] No evidence or facts have been provided by either party of any specific enforcement action taken by the City of Valley Park against the Plaintiffs.

## III. FEDERAL JURISDICTION

### A. STANDARD FOR FEDERAL JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Hart v. Terminex Int'l*, 336 F.3d 541, 541-42 (7th Cir. 2003) (stating that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that has occurred in [the] eight years [of litigation] a nullity"). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to

---

[2]These reasons for invalidating the ordinance are taken from *Plaintiffs' Memorandum in Support of their Emergency Motion to Remand*, 3. Defendant relies on Plaintiffs' statement in support of their arguments in favor of federal court jurisdiction. *Def. Memo. in Opp. To Pl. Emergency Mot. to Remand*, 2-3. As the parties agree on the reasons asserted by the Plaintiffs for invalidating the ordinance, this Court relies on Plaintiffs' statements.

jurisdiction are satisfied. *Green v. Ameritide, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Bus. Men's*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c) (2006).

In addition to the substantive requirements for removal to federal court, the party seeking removal must comply with certain procedural requirements. A defendant has a right to remove "any action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant must file a notice of removal in the district court within thirty days of being served with the initial pleading. 28 U.S.C. § 1446(b). The time limit is mandatory and is strictly construed in favor of state court jurisdiction. *See McHugh*, 953 F. Supp. at 299 (internal citations omitted). If a defendant fails to timely file a notice of removal, the defendant's right to remove is foreclosed. *Id.* Strictly construing the removal rules "promote[s] expedited identification of the proper tribunal." *Id.*

**B. DISCUSSION**

There is no suggestion that this is a diversity action, therefore removal is predicated upon 28 U.S.C. § 1331, which states "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendants seek to

have this action heard in federal district court, whereas Plaintiffs seek to have the case remanded back to state court, where they originally filed their petition. Plaintiffs provide three bases for their motion to remand: 1) there is no subject matter jurisdiction, 2) Defendants waived their right to remove, and 3) even if this Court does have jurisdiction, it should abstain from hearing the case, pending the outcome of the state court action. Defendants disagree with all three arguments, with the most emphasis placed on this Court's jurisdiction. This Court does not reach the Plaintiffs' last two arguments as the Court finds that it lacks subject matter jurisdiction and therefore must remand to state court.

As noted above, this Court only has the authority to hear those cases authorized by the Constitution and statutes of the United States, or those cases where there is diversity of citizenship. *Kokkonen*, 511 U.S. at 377. Specifically, this Court must have been able to hear the action in the first instance. *Peters*, 80 F.3d at 260 ("A claim may be removed only if it could have been brought in federal court originally."). The same analysis is used in actions brought in federal court originally and those removed to federal court. *See e.g. Gramble & Sons Metal Products, Inc. v. Durue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005) ("[Defendant] was entitled to remove the quiet title action if [plaintiff] could have brought it in federal district court originally, 28 U.S.C. § 1441(a), as a civil action 'arising under the Constitution, laws or treaties of the United States.'" (quoting 28 U.S.C. § 1331)). The Supreme Court has said a case "arises under" federal law "if in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law." *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). Notwithstanding the numerous Supreme Court decisions addressing the issue of removal, it is not always a clear question. The Court has described the issue of a federal question as having "no

single, precise definition;. . . rather, the phrase arising under masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." *Merrell Dow Pharmaceuticals, Inc.*, 478 U.S. at 808 (internal citations omitted); *see also Grumble*, 545 U.S. at 314 ("These considerations have kept us from stating a 'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties."). The Court follows this admission of the confusing nature of federal question jurisdiction by stating that "[t]he vast majority of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a 'suit arises under the law that creates the cause of action.'" *Merrell Dow Pharmaceuticals, Inc.*, 478 U.S. at 808 (internal citations omitted). In order for Defendants to defeat Plaintiffs' motion to remand they must prove either that federal law creates the cause of action (the majority of cases as stated by Justice Holmes), or in the alternative, that the state law claim necessarily raises a substantial federal issue. *Id.* The later alternative creates the more complex question; the complexity is further compounded in the present case by the procedural posture as a suit for a declaratory judgment.

Plaintiffs argue that this case arises solely under state law, and therefore removal was inappropriate, specifically, they suggest that each of the federal law bases for invalidating the ordinance are theories, not claims. Defendants, however, argue that each "theory" proposed by the Plaintiffs for invalidating the ordinance is a separate claim, and therefore if any one of them necessarily involves a question of federal law, then the case was properly removed. Much of the parties discussion during the hearing on this matter, revolved around the language used by the Supreme Court in their decisions on removal jurisdiction; whether the case involves a number of different claims, causes of action, or theories, and whether this is determinative of the question of federal jurisdiction. Although this Court notes it is important to be accurate in the use of

terminology, and understands that there is a distinction between theories and claims, the emphasis by the parties on linguistics is unnecessary.[3] This case requires the Court to determine whether the case could have originally been brought in federal court, which requires a showing by Defendants that Plaintiffs' complaint arises under the laws of the United States. *Green*, 279 F.3d at 595. To determine if such a showing has been made this Court looks at whether the Plaintiff is obliged to prove the applicability and correctness of a proposition of federal law in order to receive relief for their claim. *Franchise Tax Bd.*, 463 U.S. at 9 ("[F]or purposes of § 1331 an action arises under federal law if in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law." (Internal quotations omitted)). Whatever the parties call the theories alleged by Plaintiffs, the question of whether they are necessary for Plaintiffs to secure the relief sought, remains the same. This Court holds that Defendants have failed to meet their burden. Plaintiffs could receive the desired relief without reference to federal law.

### 1. FEDERAL LAW CREATES THE CAUSE OF ACTION

Plaintiffs' primary argument is that their petition in state court arose solely under Missouri law, namely the Missouri Declaratory Judgment Act. *Pl. Memo. of Law in Sup. of their Emergency Mot. to Remand*, 1, however, this argument is not entirely persuasive. One way Defendants can show this case is properly before this Court is to show that the well-pleaded complaint actually states a cause of action under federal law. Plaintiffs are seeking a declaration that the ordinance is invalid, under a variety of theories, some of which rely on federal law, some

---

[3]The Supreme Court uses the term "claim" to refer to the type of action that is being brought by the plaintiff, and uses "theory" to address those arguments made by the plaintiff in support of their claim. Claim and "cause of action" appear to be used interchangeably, and may rely upon common law, or have a statutory basis. *See e.g. Gramble*, 545 U.S. at 314 ("state law **claim**").

which rely solely on state law. *Id.* Defendants argue that Plaintiffs' state law action contains five distinct claims under federal law.[4] Defendants further argue that these are distinct federal questions that require the interpretation of federal law or the United States Constitution. *Def. Memo. of Law in Opp. to Pl. Emergency Mot. to Remand*, 3. This Court finds that each of the federal questions that are presented by the Plaintiffs' state court complaint are theories under a single state claim, and therefore do not provide the basis for federal question jurisdiction. However, the Plaintiffs are also mistaken in their belief that the single claim is a declaratory judgment claim; rather it is a claim to invalidate the city ordinance.

Numerous Supreme Court decisions emphasize the importance of the well-pleaded complaint rule. *See e.g. Franchise Tax Board*, 463 U.S. at 9-10; *Merrell Dow Pharmaceuticals, Inc.*, 478 U.S. at 808. The rule states that "the question of whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.' A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 808. Defendants argue that the Plaintiffs' well-pleaded complaint asserts claims arising under federal law. In arguments before this Court, the Defendants asserted that many of the Plaintiffs' arguments alleging preemption by federal law, could have been brought originally in Federal court, and that Plaintiffs would not have had to provide any additional basis for federal

---

[4]"Plaintiffs concede that their amended petition not only presents one federal law claim, but that it present [sic] five distinct claims under federal law: 1. A claim that the Ordinance in question is preempted by federal immigration laws and therefore violates the Supremacy Clause of the U.S. Constitution. 2. A claim that the Ordinance violates the Eighth and Fourteenth Amendments of the U.S. Constitution. 3. A claim that the Ordinance violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. 4. A claim that the Ordinance is preempted by the federal Fair Housing Act, 42 U.S.C. §§ 3601-19, and therefore violates the Supremacy Clause. 5. A claim that the Ordinance violates the Contracts Clause of Article I, § 10 of the U.S. Constitution." *Def. Memo. in Opp. to Pl. Emergency Mot. to Remand*, 2-3.

jurisdiction.[5]  This is a dubious argument, even assuming that Plaintiffs could have raised the preemption "claims" in federal court, it is not clear that they could have done so at the present time, and in the present procedural posture.  The better reasoned argument is that Plaintiffs' claim is the ordinance is invalid, and they are seeking relief under the Missouri Declaratory Judgment Act.

The first issue to decide is the basis for Plaintiffs' action in state court. Unlike Plaintiffs' assertions, the Missouri Declaratory Judgment Act does not "enlarge the jurisdiction of the court over subject matter or parties, but merely opens the doors of the court to certain potential defendants or plaintiffs at a stage prior to that justifying an action for other traditional relief." *Farmers Ins. Co., Inc. v. Miller*, 936 S.W.2d 104, 106 (Mo.App., 1996); *see also Hardware Center, Inc. v. Parkedge Corp.*, 618 S.W.2d 689, 694 (Mo.App., 1981) ("The Act does not enlarge the jurisdiction of the court over subject matter or parties.").  The Missouri Act is not one of substance, but rather is a procedural statute, allowing Missouri Courts to hear an action at an earlier point in time than would otherwise be available.  In the present case, the Plaintiffs must have some other cause of action, or claim, than simply seeking a declaration; they must prove that they "are sufficiently affected so as to insure [sic] that a justiciable controversy is presented to the court." *Farmers Ins. Co., Inc.*, 936 S.W.2d at 106.  In this case they are seeking to prevent the enforcement of a local ordinance, by requesting a declaratory judgment that the ordinance is invalid.  Clearly the Plaintiffs would have a justiciable controversy once the ordinance was

---

[5]Defendants seem to be arguing that if even one of the Plaintiffs' "claims" is based on a federal cause of action, then the remaining claims would be valid before this Court on the basis of supplemental jurisdiction.  However, Defendants did not specifically invoke this Court's supplemental jurisdiction in their notice of removal.  As this is not decisive of the case, the Court does not decide whether Defendants failure to invoke this Court's supplemental jurisdiction is fatal, as the Plaintiffs would have the Court rule.

9

enforced against them, and it is not this Court's role to interpret at what point the Missouri Declaratory Judgment Act provides a justiciable controversy in Missouri Courts. However, it does require this Court to determine what the underlying action is, in order to determine if it involves a federal question. The underlying action cannot be one for a declaratory judgment, as asserted by the Plaintiffs, as the Missouri Declaratory Judgment Act enlarges the forms of relief, not the jurisdiction over subject matter. The relief sought by Plaintiffs is for a declaratory judgment; the subject matter is the validity of a local city ordinance.

As the claim asserted by Plaintiffs is not for a declaratory judgment, this Court must then determine whether each reason presented by Plaintiffs for invalidating the ordinance are separate claims. Plaintiffs present a plethora of reasons why the city ordinance is invalid, many of which raise questions of state law, which if decided in Plaintiffs favor would invalidate the ordinance, without the need to address the remaining federal bases for invalidation. As federal jurisdiction requires the presence of a necessary federal question, the presence of independent state law bases for invalidation, prevent the federal questions from being necessary. *Franchise Tax Bd.*, 463 U.S. at 9. It is important to note that even when the plaintiff's well-pleaded complaint raises only state law claims, a federal question may still exist, if plaintiff's state law claims are preempted by federal law. In order for a state law action to be removable on the basis of preemption, the state cause of action must be completely preempted by federal law, the defense of preemption is not sufficient. *Gaming Corporation of America v. Dorsey & Whitney*, 88 F.3d 536, 542-543 (8th Cir. 1996) ("A federal defense, including the defense that one or more claims are preempted by federal law, does not give the defendant the right to remove to federal court. Complete preemption provides an exception to the well-pleaded complaint rule and is different from preemption used only as a defense."). "Complete preemption can arise when Congress intends that a federal

10

statute preempt a field of law so completely that state law claims are considered to be converted into federal causes of action." *Id.* at 543. Defendants point to Plaintiffs' complaint, and assert that Plaintiffs' argument that the local ordinance is directed at regulating immigration, renders their claims preempted under federal law. *Def. Memo. in Opp. to Pl. Emergency Mot. to Remand*, 4. Defendants further argue that if one claim is preempted under federal law, then the entire case is removable to federal court. *Gaming Corporation of America*, 88 F.3d at 543 ("[T]he presence of even one federal claim gives the defendant the right to remove the entire case to federal court.").

Before deciding the question of whether Plaintiffs' claims are preempted because they allege violation of the federal immigration laws, this Court must determine whether Plaintiffs' claims are actually in the nature of defenses, because preemption as a defense is not a sufficient basis for removal. *Gaming Corporation of America*, 88 F.3d at 542-543. Plaintiffs' action was brought as a declaratory judgment, which although does not provide a new cause of action, it does change the procedural posture of the case. Plaintiffs argue that the posture of the case requires this Court to look at the threatened action as the claim, which must arise under federal law in order for this court to have subject matter jurisdiction. Plaintiffs further argue that the reasons for invalidation, presented in their state law complaint, are actually in the nature of defenses. Since removal cannot be based on anticipated federal defenses, Plaintiffs argue the case should be remanded, as the only federal questions arise as defenses. *See Merrell Dow Pharmaceuticals*, 478 U.S. at 808. "[A] suggestion of one party that the other will or may set up a claim under the Constitution or laws of the United States does not make the suit one arising under the Constitution or those laws." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950). The Court in *Skelly Oil*, is adamant, that the Declaratory Judgment Act is not

11

intended to allow purely state law claims to be heard in federal court on the basis of what would otherwise be a federal defense. 339 U.S. at 673 ("It would turn into the federal courts a vast current of litigation indubitably arising under State law, in the sense that the right to be vindicated was state-created, if a suit for a declaration of rights could be brought into the federal courts merely because an anticipated defense derived from federal law."). In this case the threatened action would be the enforcement of the ordinance against Plaintiffs. The Eighth Circuit has held that

> [w]here the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is a [sic] federal question jurisdiction in the District Court.

*Postscript Enterprises, Inc. v. Westfall*, 771 F.2d 1132, 1137 (8th Cir. 1985). It is clear that if the City of Valley Park sought to enforce the ordinance against the Plaintiffs, they could not do so in federal court, regardless of the defenses raised by Plaintiffs. This supports Plaintiffs' argument that the federal issues raised in this case are in the nature of defenses, rather than claims. This Court holds that because this is a declaratory judgment action, the threatened action, in this case enforcement of the ordinance, is determinative of federal question jurisdiction, and in this case it does not raise a federal question. Therefore this Court is not required to address the question of whether federal immigration law completely preempts a state law on immigration.

Even assuming that the federal issues raised by Plaintiffs are claims, which this Court holds they are not, this case still could not have been brought in federal court, because the Federal Declaratory Judgment Act requires an actual case or controversy. *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 242 (1952) ("This Act was adjudged constitutional only by interpreting it to confine the declaratory remedy within conventional 'case or controversy' limits."). *See also Skelly Oil Co.*, 339 U.S. at 671 ("Congress enlarged the range of remedies

available in the federal courts but did not extend their jurisdiction."). There is no evidence in the present case that the Defendants have taken action to enforce the ordinance against the Plaintiffs. Regardless of whether the Plaintiffs' claim is valid in state court at this early stage, before any enforcement action has been taken,[6] the case could not have been brought in federal district court under the Federal Declaratory Judgment Act. Both parties in the hearing agreed that the present case is not ripe, and therefore this Court would not have original jurisdiction under the Federal Declaratory Judgment Act. The Supreme Court has held that "to be cognizable in federal court, a suit. . . must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). *See also*, *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972). Specifically in the context of declaratory judgments, the Eighth Circuit has described ripeness as requiring an examination of both "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Nebraska Public Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (2000), *see also Gopher Oil Co. v. Bunker*, 84 F.3d 1047, 1050 (1996). In the present case, Plaintiffs seek a declaration that the ordinance passed by the city of Valley Park is invalid. However, they have provided no concrete evidence that the ordinance has been enforced, or that there was a specific threat of enforcement against any of the Plaintiffs. Under the federal case or controversy requirements, Plaintiffs have not asserted facts that distinguish this from an advisory opinion. *Case County v. U.S.*, 570 F.2d 737 (1978) ("A justiciable controversy is thus

---

[6]The Parties disagree over whether the Defendants have attempted to enforce the ordinance. In the hearing, Plaintiffs argued that there had been no enforcement against the specific Plaintiffs in the case. Defendants responded that the state court's temporary restraining order, stated that it was to prevent further enforcement of the action. The Court assumes for purposes of this analysis that there has been no enforcement action against the specific Plaintiffs.

13

distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot."). The Eighth Circuit further emphasizes that there must be a controversy which is "admitting of specific relief through a decree of a conclusive character." *Id.* It is not clear that in the present case a decree by this Court would have any immediate effect, as there was no attempt to enforce, or threat to enforce the ordinance in question. As stated above, ripeness is a question of timing. It may be that at some point in the future this case becomes justiciable, but as the parties agreed in the hearing, it is not presently justiciable in federal court.

Additional support for this Court's holding is found in *Wycoff*, which emphasizes that "[i]t is state courts which have the first and the last word as to the meaning of state statutes, . . . we have disapproved anticipatory declarations as to state regulatory statutes. . . ." *Id.* at 247. The court in *Wycoff* was concerned with the interference that a federal declaratory judgment could have with the state court proceedings regarding state legislation. Although the case at bar is of a slightly different posture, the same concern exists. It would not be the place of this Court, through original or removal jurisdiction, to declare a state statute unconstitutional or in violation of federal law, before the statute had been enforced against any individual, and before the state court had had the opportunity to address the legality of the statute.

## 2. NECESSARILY INVOLVES FEDERAL QUESTION

As Defendants are unable to show that Plaintiffs' complaint is based on a federal cause of action, the Court must next address whether the "plaintiffs right to relief *depend[s] necessarily* on a substantial question of federal law." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807 (1986) (emphasis in original) (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 766 F.2d 1005, 1006 (6th Cir. 1985)). An early Supreme Court decision addressing the question of arising under jurisdiction stated that "[t]o bring a case within the statute, a right or immunity

14

created by the Constitution or laws of the United States must be an element, and an *essential one*, of the plaintiff's cause of action." *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936) (emphasis added). The essential element "must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Id.* The Court, in even more exacting language, stated that "[a] suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result *depends*." *Id.* at 114 (emphasis added). The Supreme Court has also stated that this alternate method of finding federal court jurisdiction is a "special and small category" of cases; further supporting this Court's finding that the present case does not fall within this category. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S.Ct. 2121, 2136 (2006).

In the present case it is undisputed that the Plaintiffs are raising objections to the ordinance based on their rights under the United States Constitution and the laws of the United States.[7] Even assuming that Plaintiffs' arguments are not defenses, which entirely disposes of this case, these federal defenses, or theories of invalidation, are not required in order for their claim to be successful. As stated above, Plaintiffs do not assert five separate federal claims, as Defendants would have us find, but rather theories in support of their claim. As Plaintiffs stated numerous times in their briefs and in the hearing before this Court, Plaintiffs can receive the desired relief, a declaration that the ordinance is invalid, without a determination of any federal issues in the case.

---

[7]Plaintiffs' Emergency Motion to Remand, 1 (Plaintiffs state that they allege "alternate federal theories" in support of their action for declaratory judgment.).

*Pl. Memo. in Sup. of their Emergency Mot. to Remand*, 6. In other words, the result does not depend on the determination of a federal question. Defendants were quick to respond that the action will likely involve the reference to federal law, based on the Plaintiffs' numerous federal grounds for invalidating the ordinance. It may be that the state court will find the ordinance valid under Missouri state law and will then need to turn to federal law, however the requirement is not whether federal law may arise in the case, but rather that federal law is an essential element; here it is not. *Gully*, 299 U.S. at 112.

### C. CONCLUSION

Defendants have failed to meet their burden that Plaintiffs' well-pleaded complaint arises under federal law. *Green*, 279 F.3d at 595. The Defendants have failed to persuade this Court that the Plaintiffs' complaint raises a cause of action created by federal law, or in the alternative that the "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharmaceuticals, Inc.*, 478 U.S. at 808. Plaintiffs are challenging the validity of a local ordinance, and provide numerous theories for why the ordinance should be invalidated. They do not state a claim under federal law, in fact, both parties agreed that the present case could not have been brought in federal court under the Federal Declaratory Judgment Act. Furthermore, the federal questions that may be involved in the ensuing litigation, are in the nature of defenses to what would normally be an action to enforce the ordinance against the Plaintiffs. Even assuming that Plaintiffs' theories are not in the nature of defenses, Plaintiffs can succeed on their claim without proving any federal question; Plaintiffs' recovery does not necessarily depend on a construction of federal law. Therefore Plaintiffs' motion to remand is granted.

## IV. Attorneys' Fees

Federal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court in *Martin v. Franklin*, discussed at length when it is appropriate to award costs after it is determined that the federal court lacked jurisdiction, and the case is remanded. 126 S.Ct. 704 (2005). Fee shifting in remand cases is not automatic, but rather is intended only "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party. . .." *Id.* at 711. The fee shifting provision should not be used to "undermin[e] Congress' basic decision to afford defendants a right to remove as a general matter. . .." *Id.* at 711. In looking at the Congressional intent in enacting the removal provision, the Supreme Court dictates that "awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

Both parties cite to the above case in support of their brief arguments that attorneys fees are or are not appropriate. The Plaintiffs have not provided this Court with any evidence that the Defendants were motivated by a desire to delay litigation, or to impose additional costs on the Plaintiffs. The Defendants had numerous well reasoned arguments in support of their notice of removal and in opposition to Plaintiffs' motion to remand. The facts of this case do not show that Defendants lacked an objectively reasonable basis for seeking removal, and therefore the Congressional desire to afford Defendants a right to remove lead this Court to deny Plaintiffs' request for attorneys fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Emergency Motion to Remand [doc. #8] is **GRANTED.**

17

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for an Award of Attorneys' Fees [doc. #8] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants Burst, Adams, Helton, Carroll, Pennise, Walker, Drake, and White's Motion to Dismiss is **DENIED as moot.**

Dated this 15th day of November, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE